## Gastwirth v. Gastwirth, etc.

*Jacoby & Maxmin*, for plaintiffs.
*I. Ostroff*, for defendant.

FLOOD, J., February 21, 1955.—Defendant seeks supplemental relief under a declaratory judgment proceeding filed by her husband for the interpretation of an agreement of the parties for support and maintenance of their children by the husband. This court has previously held that the agreement was valid. The question before the court on defendant's petition is the extent of the husband's obligation as to his children's school expenses under the agreement. The agreement provides that plaintiff shall pay $208.33 per month for each of the two children for support and maintenance while they are in defendant's custody and until they become self-supporting. It provides further that plaintiff will also pay such sums as may become due and payable for their tuition and schooling as well as for other school fees and charges, including books for schooling, at a private school, college, seminary or other higher institution of learning. By another clause in the agreement plaintiff is to be consulted as to any higher institution of learning to which the children are sent. The children were sent, during part of the school year of 1953-54, to a private school in the neighborhood of Chicago, and for the balance of that year to a private school in California.

Three questions are raised:

1. Is the husband obliged to pay the charge for board and lodging at the schools and still pay the full $208.33 per month for their maintenance or should not the board and lodging charge made by the schools be deducted from the $208.33?

2. Does a reasonable interpretation of the agreement require that he should pay only one full tuition bill a year and not have to pay an additional charge because the children were removed from one school and placed in another in the middle of the year so that full tuition of the first school could not be refunded and the second school charged more than a proportionate charge for the balance of the year?

· 3. Does plaintiff's right to be consulted as to higher institution of learning give him the right to be consulted as to the secondary school which the children attend?

1. It is the opinion of the court that, in view of the fact that the provision for $2,500 per annum, or $208.33 per month, is stated to be for the support and maintenance of the children, the husband is not required to pay for this and pay their board and lodging at private schools as well. "Other school fees, and charges, including books" cannot in the light of this whole agreement, be construed to include charges for board and lodging at the school. Defendant states that the school makes no distinction as between board and tuition but charges a lump sum. This creates some difficulty of proof, perhaps, but does not give her the right to demand the full amount of the tuition and the $208.33 per month as well. If the court is to decide this matter, it must have evidence to determine in some manner how much of the whole bill of the school covers books, tuition, etc., which plaintiff is obligated to pay over and above $208.33 and how much of it goes for board and lodging. It is the wife's obligation to show how much is tuition and how much is board and the husband shall then be obliged to pay in addition to the $208.33 for each child only such part of the school bill as represents tuition, books and school fees and charges other than those for maintenance and board of the children.

2. As to the fact that plaintiff may be required to pay extra tuition because of the changes of school in mid-year, the agreement must be given a reasonable construction. We cannot decide this matter until we hear evidence as to the reason why the change was made and whether or not despite the fact that the change increased the normal tuition bill, it was nevertheless a reasonable thing to do. Prima facie, the hus-

band should not be compelled to pay this additional amount, but if evidence is presented that it was made necessary by the health of the wife or the children or other sufficient cause, he should pay it.

3. In our opinion plaintiff's right to consultation exists only with regard to institutions of the college level to which the children are sent. This is the usual meaning today of the phrase "higher institutions of learning" and we see no reason to give it different meaning in this agreement.

It is obvious under the views above expressed that we can at this time, without hearing evidence, give defendant no relief. If evidence is presented to us on the above matters we shall consider it and make a decree based thereon if warranted.

The petition for supplemental relief will therefore be dismissed, but if defendant wishes to reinstate it in order to present evidence, she will be given leave to do so.

The petition for supplemental relief is dismissed.